Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
Jameson E. Gideon, OSB #202871
Email: jameson@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Matthew Conboy

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATTHEW CONBOY,<br><br>        Plaintiff,<br>   v.<br><br>UNITED PARCEL SERVICE OF AMERICA, INC.,<br><br>        Defendant. | Case No. 3:22-cv-1223<br><br>**COMPLAINT**<br>Violation of ORS §695A.030(1)(a)<br>Wrongful Discharge<br>Intentional Interference with Economic Relations<br><br>**NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mathew Conboy ("Plaintiff") brings this complaint against Defendant United Parcel Service of America, Inc. ("Defendant") for discrimination based on age in violation of O.R.S. 695A.030(1)(a), for wrongful discharge, and for intentional interference with economic relations and demands a trial by jury as follows:

PAGE 1 –COMPLAINT

## I. PARTIES

1.

Plaintiff is a resident of Vancouver, Washington. Plaintiff was employed at Defendant's facility located at 6235 North Basin Avenue, Portland, Oregon. Defendant fired Plaintiff on August 25, 2021. Plaintiff is still unemployed and is 57 years of age.

2.

Defendant is a Delaware corporation headquartered in Atlanta, Georgia. Defendant operates the facility located on North Basin Avenue in Portland, Oregon.

## II. JURISDICTION AND VENUE

3.

This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 USC § 1332, as this case is between citizens of different states and the amount in controversy exceeds $75,000.

4.

Defendant is subject to the personal jurisdiction of this Court because all or most of the acts and omissions alleged herein took place in and around the facility located in this District.

5.

Further, venue is also proper in this District because a substantial part of the events and omissions alleged herein took place in and around Defendant's facility located in this District. 28 USC § 1391(b)(2). Venue is proper in this division pursuant to Local Rule 3-2.

## III. FACTUAL ALLEGATIONS

6.

Plaintiff incorporates paragraphs 1-7 herein.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific HWY. Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

7.

Plaintiff had worked for Defendant since February 1996. At the time of his termination, Defendant employed Plaintiff as a feeder on-road supervisor. Plaintiff's job duties included reviewing Defendant's dispatch activity, supervising others in his department, conducting a driver training program, and other functions.

8.

On or about April 15, 2022, Luke Woodruff ("Woodruff"), Plaintiff's direct supervisor, held a meeting with Plaintiff. During the meeting, Woodruff asked Plaintiff whether Plaintiff was interested in an "early retirement." During the same meeting, Woodruff also asked Plaintiff if he was interested in transferring to Hermiston, Oregon. According to Woodruff, Defendant was near "the end of Q2, and usually the company [Defendant] makes big moves." Plaintiff told Woodruff that "I'm going to be here until [I'm] seventy" years old. Plaintiff explained that he wanted to continue working so he could put his then eleven-year-old son through college.

9.

Two or three weeks later, on or about May 7, 2021, Woodruff and Russ Goff ("Goff"), the Division Manager, called Plaintiff into a meeting. Defendant placed Plaintiff on indefinite paid administrative leave while the company investigated a supposed policy violation. Goff told Plaintiff that Defendant took Plaintiff out of service and that he needed to surrender all the company-owned items in his possession. During the meeting, Woodruff took notes of the conversation.

10.

On or about June 11, 2021, Defendant conducted an interview of Plaintiff regarding his driver training duties. First, Kimberly Richard ("Richard"), the Security Investigator for the

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific HWY. Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Portland Package Division, told Plaintiff not to talk to anyone about the investigation. Then, Richard ensured Plaintiff did not have any recording devices and began the interview.

11.

Plaintiff asked Richard if he could have counsel present for the interview. Richard told Plaintiff that Human Resources would represent him since Defendant was paying him. Defendant required Plaintiff to sign an acknowledgement of company policy. Defendant's personnel also confirmed Plaintiff's personal email.

12.

Finally, Defendant questioned Plaintiff regarding his driver training duties and purported violations of company policy. At the end of the meeting, Richard told Plaintiff that Woodruff or Goff would call him and tell him when to report back to work. During the interview, Human Resources personnel took notes of the conversation.

13.

On or about August 25, 2021, Plaintiff received an unsigned letter from Woodruff stating that "if you intend to return to work, you should report to work on *August 24th*, 2021, at 2:00 p.m. (PST). You should bring documentation as to why you have missed work since June 11, 2021." (Emphasis added.) The letter Plaintiff received on August 25 was dated August 18, 2021. Defendant had previously failed to deliver Plaintiff a similar letter because that letter was not addressed to Plaintiff.

14.

So, on August 25, if Plaintiff wanted to keep his job, he had a choice: return by August 24, 2021, or call the Human Resources Department "by August 16, 2021." If Plaintiff did not do either

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific HWY. Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

by the proscribed dates, Defendant "will conclude that you have no further interest in returning to work."

15.

Despite the instructions of Human Resources to wait for a call to return to work, the letter said that Defendant's Human Resources Department had "no approved leave of absence paperwork for you because you have not provided appropriate paperwork." The letter did not contain any finding that Plaintiff had violated company policy.

16.

The same day that Plaintiff learned of the letter's content, on or about August 25, 2021, Plaintiff immediately called Woodruff. Woodruff told Plaintiff he should immediately prepare to come to work at the Portland facility. Woodruff said that in the meantime, he had to "make phone calls."

17.

Within forty-five minutes, Woodruff called Plaintiff back. On the call, Woodruff apologized, and told Plaintiff that Defendant had terminated his employment. Woodruff further said that despite the Defendant's failure to notify Plaintiff to return to work, Human Resources would enforce the return-to-work date described in the letter received August 25. Woodruff apologized and asked, "do you still want to work here?" Plaintiff said "yes." Woodruff then said, "I will open an employee dispute resolution case for you, the next phone call you will receive will be from Human Resources." By the following day, on or about August 26, 2021, Human Resources had not called Plaintiff. So, Plaintiff emailed Woodruff a letter summarizing what had happened the day before. Plaintiff again explained that he had not received any communication until after the date the letter required him to return to work.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific HWY. Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

18.

On or about September 7, 2021, Plaintiff called the human resource service center hotline, spoke to a representative and filed a discrimination complaint. On or about September 8, 2021, Luz Nghi ("Nghi") from human resources called Plaintiff regarding that complaint. Plaintiff told Nghi that his treatment was improper and discriminatory. On September 21, 2021, Plaintiff called Nghi in human resources. Nghi affirmed that Defendant had terminated Plaintiff.

19.

On or about December 16, 2022, through counsel, Plaintiff served Defendant with a Preservation Notice and a Personnel File Request, specifically requesting information regarding his termination and discipline, which Defendant is required to produce under ORS 652.750.

20.

On information and belief, to date, Defendant has not given Plaintiff any information regarding the discipline proceeding or Plaintiff's termination.

21.

On or about February 2022, approximately five months after his termination, Plaintiff received a letter regarding his pension. The letter, dated January 31, 2022, purported to state his benefits under Defendant's retirement plan. Until that point, Plaintiff had not received any information about his benefits, termination paperwork, or his retirement.

22.

On information and belief, soon after the incidents in August, Defendant placed Woodruff on administrative leave, and by the end of 2021, Defendant forced Woodruff out of the company. Defendant had employed Woodruff for at least 15 years.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific HWY. Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

23.

After it was clear that his employment had been completely terminated, on or around December 2021, Plaintiff accepted a job at OnTrac as a Seasonal Linehaul Driver, pending confirmation of his former employment. On October 12, 2021, OnTrac confirmed Plaintiff's acceptance. But, on information and belief, Defendant never confirmed Plaintiff's more than twenty-five years of employment. As a result, OnTrac rescinded its employment offer to Plaintiff.

### FIRST CLAIM FOR RELIEF
### Age-Based Discrimination in Violation of ORS 659A.030(1)(a)

24.

Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

25.

ORS 695A.030(1)(a) makes it an unlawful employment practice "[f]or an employer, because of an individual's … age if the individual is 18 years of age or older, … to bar or discharge the individual from employment."

26.

At all relevant times, ORS 659A.030, was in full force and effect and binding on Defendant.

27.

Defendant discriminated against Plaintiff by terminating his employment.

28.

Plaintiff alleges that age was a determining factor as Defendant placed Plaintiff on administrative leave within weeks of when Defendant asked him about an early retirement, and when Plaintiff expressed his desire to work into his seventies.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific HWY. Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

29.

As a direct, legal, and proximate result of this discrimination, Plaintiff has suffered and will continue to suffer economic damages to be proven at trial. As a result of Defendant's actions, Plaintiff has suffered emotional distress resulting in damages in an amount to be proven at trial. Plaintiff seeks compensatory damages, punitive damages, and all other monetary relief available for discrimination.

30.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Wrongful Termination

31.

Plaintiff incorporates by reference Paragraphs 1-31 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

32.

Under Oregon law, termination of an employee is wrongful where the termination violates a statute, a contract, company policy, or public policy.

33.

Plaintiff was wrongfully terminated by Defendant because Defendant discriminated against Plaintiff based on his age, in violation of ORS 695A.885.

34.

Plaintiff was wrongfully terminated by Defendant because Defendant failed to follow its own company policy including its instructions to Plaintiff regarding his return to work.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific HWY. Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

35.

Plaintiff was wrongfully terminated by Defendant because Defendant placed Plaintiff on administrative leave and then misrepresented Plaintiff's absence as "not having an approved leave of absence."

36.

Defendant's instructions were misleading, placing Plaintiff in circumstances that made it impossible to comply. Defendant subsequently used those circumstances as pretext to terminate Plaintiff.

37.

As a direct, legal, and proximate result of his termination, Plaintiff is entitled to recover damages in tort including compensatory, emotional distress, and punitive damages in an amount to be proven at trial.

38.

Plaintiff's claim for compensatory damages for wrongful termination resulting from violations of ORS 659A.885 are made in the alternative to Plaintiff's First Claim for Relief. All other damages made in this Second Claim for relief are made in addition to Plaintiff's First Claim of Relief.

### THIRD CLAIM FOR RELIEF
**Intentional Interference with Economic Relations**

39.

Plaintiff incorporates by reference Paragraphs 1-39 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific HWY. Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

40.

Plaintiff had a valid contract with OnTrac for employment, pending verification of his over twenty-five years of employment with Defendant.

41.

Defendant intentionally interfered with that relationship by failing to respond to OnTrac's employment verification request.

42.

Plaintiff alleges that Defendant's intention to interfere was either (1) due to the age discrimination Human Resources complaint that Plaintiff made to Nghi or (2) in retaliation for a potential suit, evidenced by the Preservation Notice served on Defendant sent on or around December 2021.

43.

Defendant's failure to confirm Plaintiff's employment caused OnTrac to rescind his employment contact and sever the business relationship.

44.

As a direct, legal, and proximate result of Defendant's failure to confirm Plaintiff's employment, Plaintiff is entitled to damages in tort including compensatory damages for lost wages, emotional damages for loss of reputation and humiliation, for punitive damages, and for all other relief that this Court may deem just and equitable.

45.

Defendant's failure to confirm Plaintiff's employment prevented Plaintiff from mitigating his damages for lost wages under Plaintiff's first and second claims for relief.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific HWY. Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

46.

Plaintiff's claims for compensatory damages under this Third Claim for Relief are in the alternative to the claims for compensatory damages in the First and Second Claim for Relief. Plaintiff's claims for emotional damages (including loss of reputation) and for punitive damages under this Third Claim for Relief are made in addition to all other claims for damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgement against Defendant as follows:

1. For permanent injunctive relief enjoining Defendants, their officers, employees, and agents from engaging in any harassment or discrimination based on age or for retaliating against any employee opposing unlawful employment practices;

2. Back pay and benefits in the amount not less than $135,000 to be proved at trial;

3. Front pay and benefits in the amount of not less than $1,755,000 to be proved at trial;

4. Emotional damages in the amount of not less than $150,000 to be proved at trial;

5. Punitive damages in the amount of not less than $2,040,000;

6. Reasonable costs and attorney's fees; and

7. For such other and further relief as the Court may deem just and equitable.

DATED this 19th day of August, 2022.

Respectfully submitted,

**EMPLOYMENT LAW PROFESSIONALS**

By:     */s Jameson Gideon*
Jameson Gideon, OSB #202871
Email: jameson@elpnw.com
Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific HWY. Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

POB 1309
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Matthew Conboy

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific HWY. Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404